[No. 28619. *En Banc.* July 7, 1942.]

DENNISON M. HALSELL *et al., Respondents,* v. THE DEPARTMENT OF SOCIAL SECURITY *et al., Appellants.*[1]

*The Attorney General, Phil H. Gallagher, R. C. Finley,* and *Pat Guimont, Assistants,* for appellants.

*F. L. Morgan,* for respondents.

BEALS, J.—Dennison M. Halsell and Mary J. Halsell, husband and wife, were the beneficiaries of old-age assistance from the state of Washington for some time prior to December 5, 1940, on which date initiative 141 was effective. Mr. and Mrs. Halsell were, by the department of social security of the state of Washington, considered as applicants for senior citizens grants under the act, and the Grays Harbor county welfare department recommended that a grant be made to Mr. Halsell in the amount of thirty dollars per month, and that a similar grant be made in favor of Mrs. Halsell. The recipients, being dissatisfied with the recommendation of the county welfare department, requested a fair hearing before the director of the department, which hearing was granted and the testimony reduced to writing. Based upon the record so made, the director rendered his decision June 19, 1941, affirming the action of the county welfare department, and awarding a grant to each recipient in the amount of thirty dollars per month. Feeling aggrieved by the decision of the director, the recipients appealed to the superior court, where the matter was heard upon the record made before the department, no new evidence having been offered by either party.

It was admitted that Mr. and Mrs. Halsell were husband and wife, and that they resided together in a home which they owned. Based upon this state of facts, the department deducted from the normal grant of forty dollars as to each recipient the sum of seven dollars because of home ownership and the sum of three dollars because of combined living, all in accordance with the established policy of the department. The trial court found the facts to be as above stated, but, as matter of law, concluded that the deductions made by the department from the forty dollars per month were made in violation of initiative 141 (Laws 1941, chapter 1, p. 3, Rem. Supp. 1941 § 9998-34 *et seq.*)

In accordance with the conclusions of law, the court entered its decree remanding the proceeding to the department, with directions to revise the awards by eliminating therefrom the deductions above referred to. From this decree the department of social security of the state of Washington has appealed to this court.

Error is assigned upon the court's conclusion of law above referred to; upon that portion of the decree which undertakes to fix the amount of the grant to be made by the department to each recipient; and upon the entry of the decree in respondents' favor.

The trial court was evidently of the opinion that the deductions above referred to, made by the director, were not in accordance with the provisions of initiative 141. Respondents strenuously contend that grants pursuant to initiative 141 must be made strictly in accordance with that act, without regard to any Federal statute, and leaving any questions concerning the continuance by the Federal government of the payment of matching funds to the state to be determined as such questions may arise.

We have determined this question contrary to respondents' contention. As stated in our opinion in the consolidated cases of *Morgan v. Department of Social Security, ante* p. 156, 127 P. (2d) 686, we are convinced that initiative 141 by its own terms must be construed in connection with the Federal statute, and that certain provisions of the state statute are not in harmony with the Federal laws and must be disregarded.

In the case cited, and also in the case of *Burgdorf v. Department of Social Security, ante* p. 209, 127 P. (2d) 709, we have determined all the questions presented in the case at bar, and in accordance with the cases cited, the judgment appealed from is reversed, with instructions to enter judgment affirming the order of the department.

ROBINSON, C. J., MAIN, BLAKE, STEINERT, JEFFERS, and DRIVER, JJ., concur.

SIMPSON, J., and MILLARD, J. (dissenting)—We dissent for the reasons announced in our dissenting opinions in *Morgan v. Department of Social Security, ante* p. 156, 127 P. (2d) 686.