[Nos. 28653, 28654.  *En Banc.*  July 7, 1942.]

FREDERICK C. BURGDORF, *Respondent,* v. THE DEPART-
MENT OF SOCIAL SECURITY, *Appellant.*

LENA W. BURGDORF, *Respondent,* v. THE DEPARTMENT
OF SOCIAL SECURITY, *Appellant.*[1]

*The Attorney General, Phil H. Gallagher, R. C. Fin-
ley,* and *Pat Guimont, Assistants,* for appellant.

*Frank L. Cathersal,* for respondents.

BEALS, J.—Frederick C. Burgdorf and Lena W. Burg-
dorf are husband and wife, and have received old-age
assistance from the state of Washington from July 1,
1940.  Upon the effective date of initiative 141 (Laws
1941, chapter 1, p. 3, Rem. Supp. 1941 § 9998-34 *et seq.*),

[1]Reported in 127 P. (2d) 709.

Mr. and Mrs. Burgdorf were each considered as an applicant for a senior citizens grant under the act. The Pierce county welfare department recommended that each receive a grant pursuant to initiative 141, and the recipients, being dissatisfied with the amount of grants recommended by the county welfare department, requested a fair hearing thereon before the director of the state department. The hearings were had, and thereafter the director approved the recommendations of the Pierce county welfare department, and awarded each applicant a grant in the sum of twenty-nine dollars per month.

The recipients, being of the opinion that they were each entitled to a grant in a greater amount, appealed from the departmental orders to the superior court for Pierce county. After a hearing, the trial court reversed the departmental orders, and remanded the cases to the department, with instructions that each grant should be increased, and payment thereof in the increased amount be made retroactive to date from December 4, 1940. From these judgments the department of social security has appealed. The cases have been consolidated for hearing before this court.

Error is assigned upon the ruling of the trial court to the effect that payment of grants pursuant to chapter 1, Laws of 1941, should commence December 4, 1940, and upon the trial court's conclusion of law and judgment to the effect that the grants made by the department in each case were improper and illegal, and should be increased.

It appears from the record that Mr. and Mrs. Burgdorf are husband and wife, and own their own home, which they jointly occupy. It appears that they have a well on the premises, from which they procured water prior to May 1, 1941. The department deducted, as to each respondent, from the normal forty dollar

grant, the following items: Seven dollars per month because of home ownership; three dollars because of "combined living," or joint occupancy by husband and wife of the same dwelling; and a further deduction because each respondent enjoyed the privilege of using water without payment, each respondent receiving a grant in the amount of twenty-nine dollars per month. The superior court held that these deductions were improper, while appellant department argues that it correctly made these deductions, and that the judgments of the superior court are erroneous. After May 1, 1941, no further deductions on account of free water were made, each respondent receiving a grant of thirty dollars per month.

The trial court was of the opinion that, while the ownership and occupancy of a home is a resource, the action of the department in the instant cases was arbitrary and illegal because it made a reduction on account of the use and occupancy of the home on a fixed scale, without consideration of the actual value of the home.

In making the deductions from respondents' grants on account of their ownership and occupancy of a home, according to the previously adopted plan or system, often referred to as the departmental budget, the department did not act capriciously, arbitrarily, or illegally. The ownership and occupation of a home is a resource under any theory of the administration of such statutes as those here in question. A person in need, who is entitled to a grant pursuant to initiative 141, if occupying a home which he owns, other things being equal, needs less than one who must pay for living quarters. Assuming that no question of possible income is concerned, that the property is not of such a nature that it could and should produce some income,

and that the cost of upkeep is not excessive, the value of the property is of no great importance. The element proper to be considered in such a case is the fact that the person entitled to receive a grant is not required to purchase living space, by payment of rent or otherwise.

In each case the need of the recipient must be considered. The need of food and clothing is not lessened by the fact that the recipient occupies a home which he owns, but as compared with the needs of other persons entitled to relief under the act, who must pay for living quarters, the need of one owning his own home, generally speaking, is less, and, in the absence of other matters which might require consideration, the grant should be coordinated on the ever present constitutional and statutory basis of need. In making a deduction on account of home ownership, the department takes into consideration such matters as taxes and upkeep. The amount of the departmental estimate for living quarters is certainly not arbitrary in that the deduction made on account thereof is too large, and we find no basis for holding that the plan followed by the department in considering this item of need is subject to attack on the ground of its illegality upon any basis of law or fact.

■ The trial court held that the deductions from respondents' grants because of the fact that respondents are jointly occupying the same premises, were erroneous. The trial court was of the view that the combined living of husband and wife could not be considered either as income or a resource, and consequently entered judgments directing the department to omit these deductions from respondents' grants. In this ruling the trial court erred. Under normal circumstances, husband and wife jointly occupying the

same dwelling may certainly obtain the benefit of heat and light at less cost than the same can be provided for two persons living separately. It is also undoubtedly true that two persons living together make other savings in living costs. The needs of a husband and wife in such cases are normally less than the needs of two persons each living alone. The department is justified in considering such matters and taking them into consideration in fixing the amounts of grants made pursuant to the statute. Need being the lawful basis for initiative 141, it is the duty of the department to carefully and accurately estimate the need of each person who is to receive a grant thereunder. We find no basis for holding that in this particular the action of the department was capricious, arbitrary, or illegal.

The same reasoning applies to the deduction which the department made in respondents' grants because there was available to respondents a supply of water without cost to them. This deduction has not been made since May 1, 1941.

For further discussion of these questions, reference is made to our opinion in the case of *Morgan v. Department of Social Security, ante* p. 156, 127 P. (2d) 686.

In the case cited, we have also determined the date when grants pursuant to initiative 141 became payable, and have held that grants were so payable on and after March 1, 1941.

For the reasons hereinabove assigned, and in accordance with our decision in the case of *Morgan v. Department of Social Security, supra,* the judgments in the cases at bar are reversed, with instructions to enter judgments affirming the orders of the department.

ROBINSON, C. J., MAIN, BLAKE, STEINERT, JEFFERS, and DRIVER, JJ., concur.

SIMPSON, J., and MILLARD, J. (dissenting)—We dissent for the reasons announced in our dissenting opinions in *Morgan v. Department of Social Security,* *ante* p. 156, 127 P. (2d) 686.